MANN, Judge
(dissenting).
When Lowe was advised of his rights he was told, “You have this right to the advice and presence of a lawyer even if you cannot afford to hire one.” So far, so good. But the interrogating officer continued, “We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court.” That statement is grossly misleading. The state has primary concern for enforcement of the criminal laws, and Florida has a public defender system. Florida Statutes § 27.59, F.S.A. guarantees the public defender access to any person incarcerated more than forty-eight hours, whether he has been to court or not. Mayzak v. United States, supra, relied on here, should be read in conjunction with Lathers v. United States, 5th Cir. 1968, 396 F.2d 524. Both opinions were written by Judge Goldberg, and Lathers is closer to this case. An FBI agent may truthfully tell a state prisoner that he has a *311 right to counsel but that a federal court lacks jurisdiction to appoint counsel until charges are brought, but the admissibility of the statement depends on a showing of intelligent waiver of understood rights. If the prisoner fully understands his rights to the presence of counsel before interrogation, as Mayzak did, Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 is complied with. But where a man held in custody by the state is interrogated, a state officer prejudically deceives the suspect by telling him what Lowe was told.
I would reverse.